1 Peter B. Schlueter, State Bar No. 155880
SCHLUETER LAW FIRM, PC
2 454 N. Arrowhead Avenue, 2nd Fl
San Bernardino, California 92401
3 Telephone: 909.381.4888
Facsimile: 909.381.9238
4 Email: schlueterlawoffice@yahoo.com

5 Gregory Peacock, State Bar No. 277669
LAW OFFICE OF GREGORY PEACOCK
6 4425 Jamboree Road, Suite 130
Newport Beach, California 92660
7 Telephone: 949.292.7478
Email: gregorypeacockesq@gmail.com

8
Attorneys for Plaintiff Lawrence Bender

9

10                **UNITED STATES DISTRICT COURT**

11               **CENTRAL DISTRICT OF CALIFORNIA**

12  LAWRENCE BENDER,                  )   Case No. 5:20-cv-2171
                                      )
13        Plaintiff,                  )
                                      )   **COMPLAINT FOR DAMAGES**
14        vs.                         )   **FOR:**
                                      )
15  CITY OF RIALTO; MICHAEL           )
    BABINEAUX; and DOES 1 through 10, )   1. Violation Of 42 U.S.C. § 1983;
16  inclusive,                        )      Fourth Amendment Rights –
                                      )      Excessive / Unreasonable Force;
17        Defendants.                 )   2. Violation Of 42 U.S.C. § 1983;
                                      )      Failure To Property Train / Hire /
18                                    )      Fire / Discipline;
                                      )   3. Violation Of 42 U.S.C. § 1983;
19                                    )      Custom, Practice and/or Policy;
                                      )   4. Battery (California Law);
20                                    )   5. Violation of Civil Code § 52.1;
                                      )   6. Negligence (California Law).
21                                    )
                                      )
22                                    )
                                      )   **JURY TRIAL DEMANDED**
23                                    )
                                      )
24  _____ )

25

26

27

28

1    **COMES NOW** Plaintiff Lawrence Bender and shows this honorable court the

2    following:

3    ## JURISDICTIONAL ALLEGATIONS

4    1.    As this action is brought under 42 U.S.C. § 1983, this court has

5    jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C.

6    § 1331.

7    2.    As the incidents complained of in this action occurred within the

8    territorial jurisdiction of this court, venue properly lies in this court pursuant to 28

9    U.S.C. § 1391(b)(2).

10    ## GENERAL ALLEGATIONS

11    3.    Plaintiff Lawrence Bender, hereinafter referred to as "BENDER" or

12    "Plaintiff BENDER," is a natural person, who, at all times complained of in this

13    action, resided within the County of San Bernardino.

14    4.    Defendant City of Rialto hereinafter also referred to as "CITY" is a

15    municipal entity located in the State of California; within the territorial jurisdiction of

16    this court.

17    5.    Defendant Michael Babineaux, hereinafter also referred to as

18    "BABINEAUX", is, and at all times complained of herein, was, a peace officer

19    employed by the Rialto Police Department, acting as an individual person under the

20    color of state law, in his individual capacity and was acting in the course of and within

21    the scope of his employment with Defendant CITY.

22    6.    Defendants DOES 1 through 6, inclusive, are sworn peace officers and /

23    or police officers and/or investigators and/or Special Officers and/or a dispatchers

24    and/or some other public officer, public official or employee of defendant CITY

25    and/or otherwise employed by the Rialto Police Department, who in some way

26    committed some or all of the tortious actions (and constitutional violations)

27    complained of in this action, and/or are otherwise responsible for and liable to plaintiff

28

for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

7.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Rialto Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

8.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Rialto Police Department and/or defendant City of Rialto, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Rialto Police Department for, inter alia,: 1) using excessive force; and 2) for covering up the tortious conduct of Rialto Police Department officers.

9.     At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or

COMPLAINT FOR DAMAGES & JURY DEMAND

final policy making officials with the Rialto Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

10.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Rialto Police Department and/or otherwise with defendant CITY.

11.     In addition to the above and foregoing, defendants BABINEAUX and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

12.     Defendants BABINEAUX and DOES 1 through 6, inclusive, acted in joint and concerted action to deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

13.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

///
///
///
///
///

# FIRST CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1983

**Violation of Fourth Amendment Rights -
Excessive/Unreasonable Use of Force on Person
(Against BABINEAUX and DOES 1 through 6, inclusive)**

14.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13, inclusive, above, as if set forth in full herein.

15.     On June 29, 2019, at approximately 7:47 P.M. Rialto Police Department Officer Breen conducted a traffic stop of a red Jeep Cherokee near Spruce Street and North Macy Street.  The driver was arrested by Officer Breen and transported to Rialto Police Department.

16.     Defendant BABINEAUX arrived on scene and stayed with the red Jeep to assist Officer Breen having it towed.

17.     While the tow truck driver was inside the red Jeep and BABINEAUX was seated in his patrol car, a black male, later identified as BENDER, was seen by BABINEAUX, walking south bound on Macy Street towards Foothill and eventually sat down on the curb across the street from the police car, the red Jeep, and tow truck.

18.     The tow truck had the sliding flatbed tilted and lowered to the ground. The truck would not be able to be moved in this position.

19.     BENDER eventually got up and approached the driver's side of the tow truck to ask for lighter or match for his cigarette.

20.     BABINEAUX alleges that he believed that BENDER was attempting to hijack the tow truck.

21.     BABINEAUX exited his patrol car with two cell phones in his left hand and his duty weapon pointed at Bender in his right hand, and began to run towards Bender, while yelling at him "Get away from the truck, what are you doing, get down, lay on the ground, don't move, what the fuck is wrong with you."

///

22.    BENDER immediately complied with BABINEAUX, put up both hands, and then proned out on the asphalt placing his hands behind his back as directed.

23.    After BENDER laid on the ground with BABINEAUX's foot in BENDER's back. BABINEAUX then began standing "with all his weight" on BENDER's back "between [Bender's] shoulder blades" (aka the spine) as BENDER lay on the asphalt.

24.    BABINEAUX did not attempt to handcuff Bender.

25.    BABINEAUX called out to dispatch over the radio that he 'had one 415.'

26.    BABINEAUX admitted later that (at a preliminary hearing held in September 2019 relating to Bender's arrest and prosecution in this matter) that "415" denoted "disturbing the peace."

27.    At this point, and throughout the contact with Bender, BABINEAUX did not see Bender with a weapon nor see a bulge that suggested that BABINEUAX was armed.

28.    At no time before BABINEUAX shot Bender did BABINEAUX think that Bender was armed.

29.    After about forty-two seconds of Bender laying on the ground being "booted" by BABINEAUX, Defendant BABINEAUX told BENDER that he is going to "shoot him in the face."

30.    BENDER tried to explain to BABINEAUX where he was going and what he was trying to do, but BABINEAUZX told BENDER that he doesn't care and to shut up.

31.    BENDER got up off the ground and faced BABINEAUX with his hands in the air clearly void of and type weapon. BABINEAUZ again told BENDER that he is going to shoot him and to get on the ground.

32.    BENDER again complied and began to lay prone on the asphalt.

///

COMPLAINT FOR DAMAGES & JURY DEMAND

33.     As BENDER complied, BABINEAUX kicked BENDER extremely hard causing BENDER to land about three to five feet from where he was kicked.

34.     BABINEAUX still had his firearm pointed at BENDER.

35.     BENDER came up off the ground after being kicked and swatted at BABINEAUX's gun, in a desparate attempt to get the gun out of his face.  The swat was feet away, and wildly off from the officer and his gun, and Bender announced, "that hurt."  BENDER's "swat" did not touch BABINEAUX or BABINEAUX's gun.

36.     Bender did not attempt to re-engage.

37.     BABINEAUX used deadly force, firing his gun two times at BENDER striking him in the chest and forearm.

38.     BENDER went down on the ground, tried to get up and run from the officer, but was unable.  BENDER then laid in the street bleeding out from the gunshot wounds.

39.     One bullet severed an artery in his chest which then conspicuously pulsed blood.  Bender continued to lose substantial amounts of blood as other officers (including DOES 1-6) arrived.   Bender was denied effective emergency care by BABINEAUX , who offered none, and other Rialto officers  (DOES 1-6); Bender was kept on the street gasping for air, with a weakening pulse, for more than six minutes, while bleeding out or into his chest cavity.

40.     BENDER survived the gunshot wounds but just that. He was hospitalized for weeks. His was resuscitated twice in the hospital Emergency  Room, and then approximately five days later, was  resuscitated  three more times. In total, Bender was transfused with 15.5 liters of blood.  A typical human male has approximately 5 liters of blood in his circulatory system.

41.     As a direct and proximate result of the actions of Defendants BABINEAUX and DOES 1 through 6, inclusive, as complained of herein, BENDER: 1) was substantially physically, mentally and emotionally injured; 2) suffered great

1  mental and emotional pain, suffering and distress, 4) incurred medical and
2  psychological costs, bills and expenses and 3) incurred other special and general
3  damages and expenses in an amount to be proven at trial which is in excess of
4  $7,000,000.00.

5       42.    The actions of said defendants, and each of them, as complained of
6  herein, were committed maliciously, oppressively and in reckless disregard of
7  BENDER's constitutional rights, sufficient for an award of punitive / exemplary
8  damages against all defendants and each of them, save Defendant CITY, in an amount
9  to be proven at trial which is in excess of $3,000,000.00.

10  **<u>SECOND CAUSE OF ACTION</u>**
11  **<u>VIOLATION OF 42 U.S.C. § 1983</u>**
12  **FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR**
   **FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
13  **(Against CITY)**

14       43.    Plaintiff hereby realleges and incorporates by reference the allegations
15  set forth in paragraphs 1 through 42, inclusive, above, as if set forth in full herein.

16       44.    As complained of herein above, the acts of Defendants BABINEAUX
17  and DOES 1 through 6, inclusive, deprived BENDER of his rights under the laws of
18  the United States and The United States Constitution.

19       45.    The training policies of CITY were not adequate to train its peace officer
20  employees to properly and lawfully handle situations similar to the one they were
21  presented with when they confronted BENDER. Specifically, CITY failed to properly
22  train their peace officers on the use of reasonable force and the circumstances in which
23  it is lawful and reasonable to use deadly force.

24       46.    The Rialto Police Department has for many years now beaten and shot
25  persons in violation of their Fourth Amendment rights. [1]

26

27  _____

28  [1] ***Cooper v. City of Rialto, et al.;*** EDCV10-1892-GAF(DTBx); defendant Rialto
(footnote continued)

– 8 –
COMPLAINT FOR DAMAGES & JURY DEMAND

47.   CITY was deliberately indifferent to the obvious consequences of its failure to train, discipline and/or terminate its peace officer employees adequately.

48.   The failure of CITY to provide adequate training, discipline and/or terminate its officers caused the deprivation of BENDER's rights by Defendants BABINEAUX and DOES 1 through 6, inclusive.

49.   CITY's failure to train, discipline, and/or terminate is closely related to the deprivation of BENDER's rights as to be the moving force that ultimately caused BENDER's injuries.

50.   As a direct and proximate result of the actions of defendants BABINEAUX and DOES 1 through 6, inclusive, as complained of herein, BENDER: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $7,000,000.00.

///

---

Police officers unlawfully and brutally beat 78 year old man; CITY settled the claims with Plaintiff. *Ruiz v. City of Rialto, et al.*; EDCV10-01639-VBF (JEMx). *Durrah v. City of Rialto, et al.*; 10-cv-06406-GW (Ex); Rialto Police officers brutally beat a handcuffed man; CITY settled the claims with Plaintiff. *Schroeder v. City of Rialto*, et al.; 5:18-cv-00427-DMG-JC; Rialto Police officers brutally beat a man who was complying with all commands; resulted in a $3,000,000 jury verdict. *Hall v. City of Rialto, et al.*;11-cv-01645-GHK (SSx); Rialto Police officer brutally beat a compliant Plaintiff; City settled the claims with Plaintiff. *Limon v. City of Rialto, et al.;* 2:16-cv-03938-FMO-JPR; Rialto Police officer brutally beat plaintiff; CITY settled the claims with Plaintiff*. Lozano v. City of Rialto, et al.*; 5:13-cv-01636-GHK-SP; Rialto Police officers intentionally struck Plaintiff with their police vehicle, causing serious injuries to Plaintiff; CITY settled the claims with Plaintiff. *White v. City of Rialto, et al.;* 14-cv-00324-VAP-(SPx); Rialto Police officers brutally beat an unconscious man and mocked him afterwards; CITY settled the claims with Plaintiff.

# THIRD CAUSE OF ACTION

## [VIOLATION OF 42 U.S.C. § 1983]

### Municipal Liability – Unconstitutional Official Policy, Practice, Or Custom (Against Defendant CITY)

51.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50 inclusive, above, as if set forth in full herein.

52.  As shown above, the actions of Defendants BABINEAUX and DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution and under the California Constitution, as described above.

53.  At all times complained of herein, Defendants BABINEAUX and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Rialto Police Department / defendant CITY:  1) for using excessive force upon persons, including excessive deadly force; 2) providing inadequate training policies regarding the use of deadly force; 3) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; and 4) for covering-up unlawful and tortious conduct by Rialto Police Department personnel and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below by the plaintiff in this action.

54.  Moreover, in a September 1, 2019 publication in The Sun Newspaper titled, "Former Rialto chief comes out of retirement to clean up dysfunction at police department" Chief Mark Kling acknowledged "problems involving cronyism, nepotism and excessive use of force, at the Rialto Police Department."

55.  Said actions of said defendants were done by them under the color of state law.

56.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of Defendant CITY, above-described, said defendants violated Plaintiff's constitutional rights, above-described.

57.     As a direct and proximate result of the actions of Defendant CITY, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $7,000,000.00.

## FOURTH CAUSE OF ACTION

### Battery
### Under California State Law
### (Against all Defendants[2])

58.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 57, inclusive, above, as if set forth in full herein.

59.     BABINEAUX and DOES 1 through 6, inclusive, while working as peace officers for CITY, and acting within the course and scope of their duties, intentionally shot BENDER multiple times and used unreasonable and excessive force against him.

60.     As a result of the actions of BABINEAUX and DOES 1 through 6, inclusive, BENDER suffered severe pain and suffering. BABINEAUX and DOES 1 through 6, inclusive, had no legal justification for using force against BENDER, and their use of force while carrying out their duties as peace officers was an unreasonable and nonprivileged use of force.

61.     As a direct and proximate result of the conduct of BABINEAUX and DOES 1 through 6, inclusive, as alleged above, BENDER sustained serious physical and emotional injuries. BENDER also incurred substantial medical bills and costs,

---

[2] Against Defendant CITY via *respondeat superior*.

– 11 –
COMPLAINT FOR DAMAGES & JURY DEMAND

loss of life, and loss of enjoyment of life.

62.   CITY is vicariously liable for the wrongful acts of BABINEUX and DOES 1 through 6, inclusive, pursuant to sections 815.2(a) and 820 of the California Government Code.

63.   As a direct and proximate result of the actions of Defendants BABINEAUX and DOES 1 through 6, inclusive, as complained of herein, BENDER: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $7,000,000.00.

64.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of BENDER's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

## FIFTH CAUSE OF ACTION

### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (Against all Defendants[3])

65.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 64, inclusive, above, as if set forth in full herein.

66.   On information and belief, Defendants BABINEAUX and DOES 1 through 6, inclusive while working for the CITY and acting within the course and scope of their duties, intentionally committed acts of violence against BENDER, by shooting him without lawful justification.

---

[3]Against Defendant CITY via *respondeat superior*.

COMPLAINT FOR DAMAGES & JURY DEMAND

67.     Defendants BABINEAUX and DOES 1 through 6, inclusive, interfered with BENDER's civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

68.     On information and belief, defendants intentionally and spitefully committed the above acts to discourage BENDER from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

69.     On information and belief, BENDER reasonably believed and understood that the violent acts committed by Defendants BABINEAUX and DOES 1 through 6, inclusive were intended to discourage him from exercising the above civil rights, to retaliate against him, or invoking such rights, or to prevent him from exercising such rights.

70.     As a direct and proximate result of the actions of Defendants BABINEAUX and DOES 1 through 6, inclusive, as complained of herein, BENDER: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $7,000,000.00.

71.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of BENDER's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

///

///

COMPLAINT FOR DAMAGES & JURY DEMAND

72.     In addition, as a result of the actions of Defendants BABINEAUX and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled an award of treble compensatory damages against said defendants, and each of them.

## SIXTH CAUSE OF ACTION

**Negligence**
**Under California State Law**
**(Against all Defendants[4])**

73.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 73, inclusive, above, as if set forth in full herein.

74.     The actions committed by Defendants BABINEAUX and DOES 1 through 6, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care BABINEAUX and DOES 1 through 6 owed toward plaintiff.

75.     As a direct and proximate result of the actions committed by Defendants BABINEAUX and DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $7,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $7,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $3,000,000.00;

c) For treble damages for actions pursuant to Cal. Civ. C. 52.1;

---

[4] Against Defendant CITY via *respondeat superior*.

COMPLAINT FOR DAMAGES & JURY DEMAND

d) For an award of reasonable attorney's fees and costs;

e) For a trial by jury; and

f) For such other and further relief as this honorable court deems just and equitable.

Date:    October 16, 2020          SCHLUETER LAW FIRM, PC
                                   LAW OFFICE OF GREGORY PEACOCK

                            By:    /s/ Peter B. Schlueter
                                   Peter B. Schlueter, Attorneys for
                                   Plaintiff Lawrence Bender

## JURY DEMAND

Plaintiff hereby demands jury trial as provided by Rule 38(a) of the Federal Rules of Civil Proc.

Date:    October 16, 2020          SCHLUETER LAW FIRM, PC
                                   LAW OFFICE OF GREGORY PEACOCK

                            By:    /s/ Peter B. Schlueter
                                   Peter B. Schlueter, Attorneys for
                                   Plaintiff Lawrence Bender

COMPLAINT FOR DAMAGES & JURY DEMAND