UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BENDER | Case No.  5:20−cv−02171−JWH−SP |
| Plaintiff(s), | |
| v. | **STANDING ORDER** |
| CITY OF RIALTO, et al. | |
| Defendant(s). | |

**PLEASE READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

• If this case was removed to this Court, the removing Defendant shall immediately serve this Order on all other parties.

• Otherwise, Plaintiff shall immediately serve this Order on all parties.

1    This action has been assigned to the calendar of Judge John W. Holcomb.

2    The Court and litigants bear joint responsibility for the progress of litigation

3    in the Federal Courts. To secure the just, speedy, and inexpensive determination of

4    every action, *see* Fed. R. Civ. P. 1, all counsel are hereby ordered to become

5    familiar with the Federal Rules of Civil Procedure and the Local Rules of the

6    Central District of California.

7    The Court further orders as follows:

8    **1.    Service of the Complaint.**  Plaintiff shall serve the Complaint

9    promptly in accordance with Rule 4 of the Federal Rules of Civil Procedure and

10   shall file the proofs of service pursuant to L.R. 5-3.1.

11   **2.    Removed Actions.**  Any answers filed in state court must be re-filed

12   in this Court, either as an exhibit to the Notice of Removal or as a separate filing.

13   Any pending motions must be re-noticed in accordance with L.R. 6-1.

14   **3.    Assignment to a Magistrate Judge.**  Under 28 U.S.C. § 636, the

15   parties may consent to have a Magistrate Judge preside over all proceedings. The

16   Magistrate Judges who accept those designations are identified on the Central

17   District's website, which also contains the consent form.

18   **4.    Electronic Filing.**  This Court uses an electronic filing system for

19   documents. Information regarding the Court's Electronic Case Filing system is

20   available on the Court's website at www.cacd.uscourts.gov/cmecf.

21   All documents required to be e-filed in this matter can be found in General

22   Order No. 10-07 and L.R. 5-4. The Court specifically directs litigants to

23   L.R. 5-4.3.1, requiring that all electronically filed documents be created by

24   publishing the document to PDF, and not by scanning paper documents.

25   **5.    Mandatory Chambers Copies.**  All original filings are to be filed

26   electronically pursuant to Local Rule 5-4. The Court requires one (1) Mandatory

27   Chambers Copy of ONLY the following filed documents:

28

–2–

a.   <u>Civil matters</u>:  Motions and related documents (*e.g.,* oppositions, replies, exhibits); *ex parte* applications and related documents (*e.g.,* oppositions and exhibits); and Joint Rule 26(f) reports;

b.   <u>Criminal matters</u>:  All motions and related documents and exhibits; plea agreements(s); and sentencing memorandum and objections to the pre-sentence reports.

Mandatory Chambers Copies shall be delivered to the Courtesy Box, located outside of Courtroom 2 on the second floor of the United States District Court, 3470 Twelfth Street, Riverside, California 92501, no later than 5:00 p.m. on the first court day following the e-filing. Alternatively, Counsel may transmit such conformed Mandatory Chambers Copies via FedEx, UPS, or other overnight service, for delivery no later than 5:00 p.m. on the first court day following the e-filing, addressed to the Chambers of Judge John W. Holcomb, U.S. District Court for the Central District of California, Courtroom 2, 3470 Twelfth Street, Riverside, CA 92501. All Mandatory Chambers Copies shall comply with the document formatting requirements of L.R. 11-3, ***except for the blue-backing requirement of L.R. 11-4.1, which is hereby waived***. If the filing party and its counsel fail to deliver a Mandatory Chambers Copy in full compliance with this Order and L.R. 11-3, the Court may, on its own motion, reschedule any related hearing and impose sanctions.

**6.   Proposed Orders.**  Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge a proposed order that sets forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

**7.   Presence of Lead Counsel.**  Lead trial counsel for each party must attend any scheduling and pretrial conferences set by the Court. Failure of lead trial counsel to appear for those proceedings is a basis for sanctions.

**8.   Discovery.**  All discovery matters have been referred to a United States Magistrate Judge. The Magistrate Judge's initials follow the District Judge's initials in the case number assigned to the matter. The words "DISCOVERY MATTER" shall appear in the caption of all documents relating to discovery to insure proper routing. Unless the assigned Magistrate Judge explicitly waives the Mandatory Chambers Copy rule, Counsel shall deliver Mandatory Chambers Copies of discovery-related papers to the assigned Magistrate Judge (rather than to this Court).

**9.   Motions - General Requirements.**

a.   Time for Hearing Motions.  Motions shall be filed and set for hearing in accordance with L.R. 6-1. Motions will be heard on Fridays commencing at 9:00 a.m. Any motion noticed for a holiday shall automatically be set to the next Friday without further notice to the parties.

b.   Length and Format of Motions.  Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances, and for good cause shown, will the Court grant an application to extend these page limitations. When citing to legal databases, wherever possible cite to Westlaw rather than Lexis.

c.   Voluminous Materials.  If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the evidence must be separately bound and tabbed and include an index. If such evidence exceeds 200 pages, the documents shall be placed in a three-ring binder, with an index and with each item of evidence separated by a tab divider.

d.   Withdrawal of, or Non-Opposition to, Motions.  In the event that the parties resolve a pending motion, they must notify the Court immediately. Sanctions may issue for failure to comply with this requirement, or the broader requirement set forth in L.R. 7-16 that any party

who intends to withdraw a motion, not to oppose a motion, or to seek a continuance of the hearing date for a motion, must notify the Court by noon on the Tuesday preceding the hearing date.

**10. Motions to Amend.** In addition to the requirements of L.R. 15, all motions to amend pleadings shall (1) state the effect of the amendment; and (2) identify the page(s), line number(s), and wording of any proposed change or addition of material.

**11. Class Actions.** Notwithstanding L.R. 23-3, the deadline for the filing of a motion for class certification will be set during the Scheduling Conference and/or in a Scheduling Order. If the Court does not expressly set a separate deadline for the filing of a motion for class certification, then such deadline shall be the same as the deadline for filing dispositive motions. ***No request for relief from L.R. 23-3 is necessary.***

**12. Motions for Summary Judgment or Partial Summary Judgment.** No party may file more than one motion pursuant to Rule 56 of the Federal Rules of Civil Procedure regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication. Parties offering evidence in support of, or in opposition to, a Rule 56 motion must cite to specific page and line numbers in depositions and paragraph numbers in declarations and affidavits. Furthermore, such evidence must be authenticated properly. The Court directs the parties to become familiar with *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

a. <u>Statements of Undisputed Facts and Genuine Disputes.</u>  The moving party's brief shall be accompanied by a Statement of Undisputed Facts ("SUF"). The SUF shall be presented in a table format and include the following columns:

i. The first column shall contain the number of the fact alleged to be undisputed.

ii.   The second column shall contain a plain statement of the fact. ***Facts shall not be compound.*** If, for instance, the required response is that the fact is disputed in part, the fact is compound. Further, neither legal arguments nor conclusions constitute facts.

iii.   The third column shall contain a citation to admissible evidence the party believes supports the proffered fact.

For example:

| Pl.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶2. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶4. |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ Decl. of Plaintiff's Expert ¶ 14. |
| . . . | . . . | . . . |

The party opposing the summary judgment motion shall include with its opposition a Statement of Genuine Disputes of Material Fact that includes the moving party's table, but the opposing party shall add a fourth column to the moving party's table identifying those facts that are in dispute, briefly explaining the dispute, and citing the evidence supporting the dispute. The opposing party shall not set forth legal or evidentiary objections in the statement of genuine disputes of material fact.  For example:

| Pl.'s SUF No. | Fact | Supporting Evidence | Def.'s Response |
|---|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. | Undisputed. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. | Disputed. The light was red when Plaintiff traveled through the intersection. (Decl. of Defendant ¶ 6.) |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Dec. of Plaintiff's Expert ¶ 14. | Disputed. Plaintiff was driving 52 miles per hour when she went through the intersection. (Decl. of Defendant's Expert ¶ 9.) |
| . . . | . . . | . . . | . . . |

If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2), L.R. 56-3.

If the party opposing the summary judgment motion wishes to include its own set of undisputed facts, it may include them in a second table at the end of its statement of genuine disputes of material fact. The opposing party's undisputed facts shall be set forth in the same manner as the moving party's SUF. For example:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | The tires on Plaintiff's car had only 1 millimeter of tread remaining at the time of the accident. | Decl. of Mechanic ¶ 5. |
| . . . | . . . | . . . |

If either party fails to provide a pin cite to the supporting evidence, the Court will deem the proffered fact (or dispute) unsupported. *See generally Christian Legal Soc. v. Wu,* 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) (*per curiam*)) (alteration omitted))).

b. <u>Objections to Evidence.</u>  Parties shall file any legal objections to the other party's proffered evidence under separate cover. The evidentiary objections should be presented in a three-column format and include the following columns:

i.   The first column shall contain the number of the fact objected to, using the numbering submitted in the moving party's SUF if applicable.

ii.   The second column shall identify the item objected to, including its page and line number if applicable.

iii.   The third column shall set forth a concise objection (*e.g.,* hearsay, lacks foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation.

For example:

| <u>Fact No.</u> | <u>Fact</u> | <u>Objection</u> |
|---|---|---|
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. (Decl. of Plaintiff ¶ 7; Decl. of Plaintiff's Expert ¶ 14) | Irrelevant. F.R.E. 402. |
| . . . | . . . | . . . |

**13. Ex Parte Applications.**  *Ex Parte* applications are considered on the papers and are not usually set for hearing. Counsel are advised that this Court

allows *ex parte* applications solely for extraordinary relief. Sanctions may be imposed for misuse of *ex parte* applications. *See In re Intermagnetics Am., Inc.,* 101 B.R. 191 (Bankr. C.D. Cal. 1989). Counsel also should become familiar with *Mission Power Engineering Co. v. Continental Casualty Co.,* 883 F. Supp. 488 (C.D. Cal. 1995), regarding *ex parte* applications.

The Court directs Counsel's attention to L.R. 7-19. The moving party's declaration in support of an *ex parte* application shall show compliance with L.R. 7-19 and this Order, and it shall include a statement of opposing counsel's position. Failure to do so ensures the application will be DENIED. If counsel does not intend to oppose an *ex parte* application, counsel must inform the Courtroom Deputy Clerk (951-328-4462). As with all motion papers, counsel must deliver a Mandatory Chambers Copy in accordance with Paragraph 5 above. Counsel will be notified by the Courtroom Deputy Clerk of the Court's ruling, or of a hearing time and date if the Court determines that a hearing is necessary.

**14. Stipulations.** Stipulations extending scheduling dates set by this Court are not effective unless approved by the Court. Continuances will be granted only upon a showing of good cause.

**15. Communications with Chambers.** Unless requested to do so, counsel shall not attempt to contact the Court or its staff by telephone or by any other *ex parte* means. Counsel are directed to review the Central District's website at www.cacd.uscourts.gov for the Local Rules, filing procedures, judges' procedures and schedules, calendars, forms, and Pacer access. Counsel may contact the Courtroom Deputy Clerk, Irene Vazquez, by telephone at 951-328-4462 or by email at irene_vazquez@cacd.uscourts.gov only in the event that counsel cannot find the desired information through all available resources.

**16. Telephonic and Video Appearances.** Counsel must request a telephonic or video appearance for a hearing through the Courtroom Deputy Clerk,

1   by email at JWH_Chambers@cacd.uscourts.gov, at least one week before

2   the scheduled hearing.

3

4   Dated: November 5, 2020

5   _____

6   John W. Holcomb
    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28