Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Stephanie A. Quartararo (SBN 317976)
E-mail: squartararo@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendants
CITY OF RIALTO and MICHAEL BABINEAUX

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BENDER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF RIALTO; MICHAEL BABINEAUX; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 5:20-cv-02171-JWH (SPx)<br><br>**ANSWER TO COMPLAINT BY DEFENDANTS CITY OF RIALTO AND MICHAEL BABINEAUX; DEMAND FOR JURY TRIAL**<br><br>Judge:　　Hon. John W. Holcomb |

COME NOW Defendants CITY OF RIALTO ("City"), and MICHAEL BABINEAUX ("Babineaux") (collectively "Defendants") in answer to the Complaint (Doc. #1) of Plaintiff LAWRENCE BENDER ("Plaintiff") in the above-entitled action, hereby admit, deny, and allege as follows:

**JURISDICTION AND VENUE**

1.　For an answer to paragraphs 1-2 of Plaintiff's Complaint, Defendants admit that Plaintiff sues under 42 U.S.C. § 1983. Defendants admit that the incidents complained of occurred within the Central District of California. Defendants also admit that venue is proper.

///

///

# GENERAL ALLEGATIONS

2. For an answer to paragraph 3 of Plaintiff's Complaint, Defendants admit that Plaintiff is a natural person. As to the remainder of the allegations, Defendants lack sufficient information or belief to enable them to answer the allegations, and on that ground, deny each and every other allegation contained therein.

3. For an answer to paragraphs 4-5 of Plaintiff's Complaint, Defendants admit that the City is a public entity in the State of California, within the jurisdiction of this Court. The Defendants further admit that Defendant Babineaux was employed by the City of Rialto on June 29, 2019 as a police officer. Defendants further admit that Defendant Babineaux was acting under color of law and within the course and scope of his duties as a Rialto police officer at all times complained of in Plaintiff's Complaint.

4. In answering paragraphs 6-10, 19-20, 24, and 26 of the Complaint, Defendants lack sufficient information to respond to the allegations of the respective paragraphs and therefore deny any and all allegations.

5. In answering paragraphs 11-13, 18, 22, 27-28, 32-33, 36, 39, 41-42, 44-50, 52-57, 59-64, 66-72, 74- 75 and the prayer for relief of the Complaint, Defendants deny any and all allegations of the respective paragraphs.

6. In answering paragraph 14 of the Complaint, Defendants hereby incorporate their responses to paragraphs 1-13 of the Complaint.

7. In answering paragraphs 15-17, 25, and 34, Defendants admit the facts set forth in the respective paragraphs.

8. In answering paragraphs 21 and 23, Defendants admit that Defendant Babineaux attempted to detain Plaintiff because Plaintiff was in the commission of a crime. Answering Defendants deny the remainder of the allegations in these paragraphs.

///

9. In answering paragraph 29, Defendants admit that as Defendant Babineaux continued to struggle to keep Plaintiff on the ground, Defendant Babineaux continued to instruct Plaintiff to stay on the ground and to stop moving, with the intention of conveying the severity of the situation to Plaintiff. Answering Defendants deny the remainder of the allegations in this paragraph.

10. In answering paragraph 30, Defendants admit that while attempting to keep Plaintiff on the ground, Defendant Babineaux stated, "I don't care where you're going, shut up." Answering Defendants deny the remainder of the allegations in this paragraph.

11. In answering paragraph 31, Defendants admit that after Defendant Babineaux repeatedly instructed Plaintiff to stay on the ground, Plaintiff defied his orders and got up off of the ground. In response, Defendant Babineaux again instructed Plaintiff to stay on the ground. Answering Defendants deny the remainder of the allegations in this paragraph.

12. In answering paragraph 35, Defendants admit that after Plaintiff defied Defendant Babineaux's orders to stay on the ground, Plaintiff jumped up from the ground toward Officer Babineaux and attempted to take Officer Babineaux's firearm. Answering Defendants deny the remainder of the allegations in this paragraph.

13. In answering paragraphs 37-38, Defendants admit that after Officer Babineaux fired his service weapon twice at Plaintiff, Plaintiff again tried to stand up. Answering Defendants lack sufficient information to respond to the remainder of the allegations in these paragraphs and therefore deny the reminder of the allegations.

14. In answering paragraph 40, Defendants admit that Plaintiff survived the gunshot wounds. Defendants lack sufficient information to respond to the remainder allegations of the respective paragraphs and therefore deny any and all remaining allegations.

15. In answering paragraph 43 of the Complaint, Defendants hereby incorporate their responses to paragraphs 1-42 of the Complaint.

16. In answering paragraph 51 of the Complaint, Defendants hereby incorporate their responses to paragraphs 1-50.

17. In answering paragraph 58 of the Complaint, Defendants hereby incorporate their responses to paragraphs 1-57 of the Complaint.

18. In answering paragraph 65, Defendants hereby incorporate their responses to paragraphs 1-64 of the Complaint.

19. In answering paragraph 73, Defendants hereby incorporate their responses to paragraphs 1-72 of the Complaint.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, the Answering Defendants allege as follows:

### First Affirmative Defense

20. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

21. The Answering Defendants deny that Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

### Third Affirmative Defense

22. The Answering Defendants deny that they violated Plaintiff's Fourth Amendment rights, or any other federal, constitutional, or other rights.

### Fourth Affirmative Defense

23. To the extent that any force was used against Plaintiff, the force used was privileged and reasonable as a matter of law.

### Fifth Affirmative Defense

24. Plaintiff's own conduct estops Plaintiff from claiming the damages

alleged in the Complaint.

### Sixth Affirmative Defense

25. Plaintiff's claims are barred by the doctrine of collateral estoppel, based on findings that were made in the underlying criminal actions.

### Seventh Affirmative Defense

26. To the extent that Plaintiff has alleged a supplemental state law cause of action, he has failed to submit timely Government Claims, as required by the California Tort Claims Act of 1963, which is codified as California Government Code § 810-998.3, which bars this Court from hearing those claims.

### Eighth Affirmative Defense

27. The Answering Defendants are immune from liability for their actions by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in §§ 815.2, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, 844, 845.6, and 845.8.

### Ninth Affirmative Defense

28. The individual Answering Defendants are entitled to qualified immunity from suit, because no reasonable police officer in the position of the individual Answering Defendants would have believed their conduct to be a violation of Plaintiff's Constitutional rights.

### Tenth Affirmative Defense

29. Plaintiff's cause of action for a Fourth Amendment violation is barred because any force used by the Answering Defendants and their employees was privileged as reasonable to defend oneself or others.

### Eleventh Affirmative Defense

30. To the extent that Plaintiff suffered any damages, which the Answering Defendants deny, the damages were suffered in whole, or in part, by the negligence of Plaintiff, and the damages of Plaintiff should be reduced by a proportional amount.

**Twelfth Affirmative Defense**

31. The damages alleged were directly and proximately caused and contributed to by the negligence of other persons, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

**Thirteenth Affirmative Defense**

32. Plaintiff's damages, if any, should be reduced because of Plaintiff's failure to mitigate his damages, if any.

**Fourteenth Affirmative Defense**

33. The Answering Defendants are immune from the imposition of punitive damages in their official capacity.

**Fifteenth Affirmative Defense**

34. Punitive Damages cannot be imposed against a public entity.

**Sixteenth Affirmative Defense**

35. Plaintiff's claims against Defendant City of Rialto under 42 U.S.C. § 1983 fail because Plaintiff cannot establish that it had a custom, policy, or practice that caused a Constitutional violation.

**Seventeenth Affirmative Defense**

36. Plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Eighteenth Affirmative Defense**

37. Because the operative Complaint is couched in conclusory terms, the Answering Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**Nineteenth Affirmative Defense**

38. Plaintiff's claims are barred by the failure to comply with the applicable statute of limitations.

## DEMAND FOR JURY TRIAL

The Answering Defendants hereby demand a trial before a jury on all issues presented by Plaintiff's Complaint triable to a jury.

WHEREFORE, Answering Defendants pray that:

1. Judgment be rendered in favor of the Answering Defendants and against Plaintiff;

2. Plaintiff takes nothing by this action;

3. The Answering Defendants be awarded costs of suit incurred herein; and

4. The Answering Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated:  November 12, 2020         BURKE, WILLIAMS & SORENSEN, LLP


By: */s/ Nathan A. Oyster*
Nathan A. Oyster
Stephanie A. Quartararo
Attorneys for Defendants
CITY OF RIALTO and MICHAEL BABINEAUX